UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HENRY BOYD,

                          Plaintiff,

        -against-

WHITE MALE JOHN DOE CORRECTION
OFFICER; BLACK MALE JOHN DOE
CORRECTION OFFICER; QUEENS
COUNTY DEPT. OF CORRECTIONS,

                        Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**15-CV-4174 (NGG) (RER)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Henry Boyd, proceeding pro se and currently detained at the South Beach Psychiatric Center in Staten Island, New York, filed this pro se action pursuant to 42 U.S.C. § 1983, alleging the violation of his rights during his detention at Rikers Island. (See Compl. (Dkt. 1).) Plaintiff seeks in forma pauperis status (Dkt. 2) and $44 million in damages.

## I. PRISON LITIGATION REFORM ACT'S "THREE STRIKES" PROVISION

Pursuant to the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). While incarcerated, Plaintiff has filed at least three in forma pauperis actions which have been dismissed as frivolous or malicious or for failure to state a claim. See Boyd v. New York City, No. 01-CV-6342 (DGT), slip op. (E.D.N.Y. Oct. 26, 2001) (barring plaintiff from filing any further in forma pauperis actions in this court pursuant to 28 U.S.C.

1

§ 1915(g)): Boyd v. New York City, Nos. 01-CV-5677, 01-CV-5655, 01-CV-5676, 01-CV-5069 (DGT), slip op. (E.D.N.Y. Sept. 19, 2001); Boyd v. Dep't of Corr. Servs., Nos. 01-CV-4316 (DGT), slip op. (E.D.N.Y. July 11, 2001); Boyd v. New York City, No. 01-CV-4257 (DGT), slip op. (E.D.N.Y. July 11, 2001).

Therefore, Plaintiff is barred under the "three strikes" provision of the in forma pauperis statute from filing a civil action without prepayment of the filing fee, unless he can show that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); see, e.g., Boyd v. New York City, No. 01-MC-0200 (DGT), slip op. (E.D.N.Y. Oct 19, 2001); Boyd v. Cross, No. 14-CV-3154 (NGG), slip op. (E.D.N.Y. May 29, 2014); Boyd v. Roman, No. 14-CV-3117 (NGG), slip op. (E.D.N.Y. May 29, 2014). Here, Plaintiff alleges that on an unspecified date, while he was detained at the Otis Bantum Correctional Center at Rikers Island, a male correction officer "snatch[ed] a beef pattie off my tray and cho[ke] me" and that Plaintiff had difficulty breathing. Plaintiff was then handcuffed by a second male correction officer and escorted to intake; photographs were taken by two other correction officers. Since that incident, Plaintiff has been moved to a different facility: South Beach Psychiatric Center. Plaintiff's claim against Defendants is thus insufficient to show he was in "imminent danger of serious physical injury" at the time he filed the Complaint. Malik v. McGinnis, 293 F.3d 559, 563 (2d Cir. 2002) ("[T]he language of 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed."); see also Polanco v. Hopkins, 510 F.3d 152 (2d Cir. 2007) (upholding constitutionality of § 1915(g)).

Moreover, Plaintiff has failed to comply with the court's 2001 bar order which requires him to submit a written request for leave to file a new complaint and a copy of the court's 2001 bar order along with any new complaint. See Boyd v. New York City, No. 01-CV-6342 (DGT),

slip op. at 4 (E.D.N.Y. Oct. 26, 2001). Accordingly, Plaintiff's request to proceed in forma pauperis is denied pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g), and his Complaint is dismissed for failure to pay the filing fee and for failure to comply with the court's bar order. As a precaution, however, the court will dismiss Plaintiff's Complaint without prejudice.

## II.  CONCLUSION

Accordingly, Plaintiff's request to proceed in forma pauperis is DENIED pursuant to 28 U.S.C. § 1915(g), and the Complaint is DISMISSED without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 27, 2015

NICHOLAS G. GARAUFIS
United States District Judge